**JUNIOR FOOTBALL ASSOCIATION OF ORANGE, Texas, a/k/a Orange Junior Football Association, Inc., Appellant,**

v.

**Renota GAUDET, by her next friend, Appellee.**

**No. 7913.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 9, 1976.

Jerry L. Zunker, Orange, for appellant.

Louis Dugas, Jr., Orange, for appellee.

DIES, Chief Justice.

Renota Gaudet, by her mother as next friend, instituted suit in Orange County, against appellant, Orange Junior Football Association, Inc., seeking a temporary and permanent injunction requiring appellant to allow Renota to participate in football citing Tex.Const. art. 1 § 3a. Renota is a female.

After a hearing, the trial court granted the temporary injunction until Renota reached puberty. From the order granting this temporary injunction the association perfects this appeal.

Art. 1 § 3a of Tex.Const. provides: "Equality under the law shall not be denied

or abridged because of sex, race, color, creed, or national origin."

Appellant complains there was insufficient evidence of state involvement to authorize the temporary injunction.

■ The words "under the law" in the above article of the Texas Constitution require that the discrimination complained of is state action or private conduct that is encouraged by, enabled by, or closely interrelated in function with state action. See 11 Hous.L.Rev. 136, 145 (1973), "An Overview of the Equal Rights Amendment in Texas"; see also, *Simkins v. Moses H. Cone Memorial Hospital* (4th Cir. 1963), 323 F.2d 959, 967:

"Not every subversion by the federal or state government automatically involves the beneficiary in 'state action,' and it is not necessary or appropriate in this case to undertake a precise delineation of the legal rule as it may operate in circumstances not now before the court."

See also, *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 721–722, 81 S.Ct. 856, 859–860, 6 L.Ed.2d 45 (1961).

■ In our case this association is chartered by the State of Texas as a non profit corporation. The players usually practice on school grounds, and games are played in a park owned by the City of Orange. We do not regard this as state action, or private conduct closely interrelated in function with state action.

The order granting the temporary injunction is reversed, and such temporary injunction is vacated and dissolved at the cost of the plaintiff below.