**Maria Magdalena CEDILLO and Beatriz Virginia Garcia, Appellants,**

**v.**

**EWLIN ENTERPRISES, INC., Appellee.**

**No. 13–87–008–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1987.

Rehearing Denied Feb. 11, 1988.

Brinkley K. Oxford, Joe P. Lopez, IV, Oxford & Oxford, Edinburg, for appellants.

Leo Salzman, Adams, Graham, Jenkins, Graham & Hamby, Harlingen, Neil Norquest, Ewers, Toothaker & Abbott, McAllen, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a summary judgment granted to appellee Ewlin Enterprises, Inc. against appellants Maria Cedillo and Beatriz Garcia. We affirm.

Appellants brought suit against Ewlin Enterprises alleging causes of action for slander and sexual discrimination in violation of Tex.Rev.Civ.Stat.Ann. art. 5221k (Vernon 1987) (Commission on Human Rights Act), violations of Tex. Const. art. I, § 3a (Vernon 1984) and 42 U.S.C.A. § 2000e (1981), and denial of equal protection under the fifth and fourteenth amendments to the United States Constitution. Ewlin moved for summary judgment alleging that appellants' causes of action under article 5221k were barred by the statute of limitations. Ewlin's summary judgment

evidence showed that appellants did not comply with the procedures set forth in article 5221k. Appellants do not complain on appeal that the trial court was incorrect in granting summary judgment on the limitations question.

The trial court's final judgment states that Ewlin was entitled to summary judgment on all liability issues raised. The Court also found that the Texas Constitution did not provide appellants with a legal remedy to address alleged human rights violations except through the Commission on Human Rights Act. The trial court also concluded that plaintiffs take nothing on their causes of action for libel and slander.

On appeal, appellants attack only the trial court's finding that appellants do not have a cause of action under Tex. Const. art. I, § 3a and that the Texas Equal Rights Amendment does not extend to the prohibition of sexual discrimination by a private employer. We first note that although the trial court's judgment finds that the Texas Constitution did not provide a remedy independent of Tex.Rev.Civ.Stat. Ann. art. 5221k, appellees did not specifically move for summary judgment on that ground.

It is a general rule that a movant in a summary judgment case must specifically set forth in its motion reasons that entitle it to summary judgment so that a nonmovant has an opportunity to respond and the reasons are called to the trial judge's attention. *Vendig v. Traylor*, 604 S.W.2d 424, 430 (Tex.Civ.App.—Dallas 1980, writ ref'd. n.r.e.). It is error to grant summary judgment where a motion fails to mention a theory of recovery. *See id.* at 430. However, appellants do not raise appellee's failure to move for summary judgment on its constitutional cause of action. We are unauthorized to reverse a trial court's judgment in the absence of properly assigned error. *State Board of Insurance v. Westland Film Industries*, 705 S.W.2d 695, 696 (Tex.1986). We will, therefore, review appellants' points of errors as they are presented.

By their first point, appellants challenge the trial court's holding that the Texas Equal Rights Amendment does not prohibit private acts of sexual discrimination. Tex. Const. art. 1, § 3a provides:

Equality *under the law* shall not be abridged because of sex, race, color, creed, or national origin. This amendment is self-operative. (Emphasis added).

This case turns on the question of whether the phrase "under the law" includes purely private conduct or whether governmental conduct needs to be present before the amendment is applicable. In *Junior Football Association of Orange v. Gaudet*, 546 S.W.2d 70, 71 (Tex.Civ.App.—Beaumont 1976, no writ), the court held that the phrase "under the law" required that the complained of discrimination included state action or private conduct that was encouraged or closely related in function with state action. The *Gaudet* court found that the State's chartering of the association as a non-profit corporation, the team's practicing on school grounds, and its playing in a city owned park were not state action or closely related in function to state action. *Id.* at 71.

In a more sophisticated analysis, the court in *Lincoln v. Mid–Cities Pee Wee Football Association*, 576 S.W.2d 922 (Tex. Civ.App.—Fort Worth 1979, no writ) reached the same result. The *Lincoln* court rejected the notion that the amendment should be applied only to those cases involving sexual discrimination via a statute, ordinance or public policy. *Id.* at 925. The court also rejected an interpretation which would encompass all forms of sexual discrimination, whether resulting from public or from purely private conduct. *Id.* There, the court held:

We do not believe "under the law" covers purely private conduct. We do not believe the Texas Era (sic) proscribes purely private sex discrimination. It is our opinion that the legislature and citizens of this state desired to distill the myriad of federal doctrines concerning discrimination into a single simplified guarantee of sexual equality in governmental and public affairs. We cannot believe that by enacting the amendment

they intended to have their private conduct regulated by the state. Private sex discrimination in many instances could be based upon what the individual perceives to be the proper role for men and women in society. Thus the private conduct could be considered an expression of the individual's social, moral, cultural, and religious beliefs. While reasonable minds can and do differ, and many are quite emotional on this subject, it is certainly not for this court to hold that such private conduct is illegal absent a clear expression of intent from the legislature and the citizens of this state.

*Id.*

Recently, the Texas Supreme Court dealt with the issue of whether a gender-based distinction contained in the Texas Family Code violated the Texas Equal Rights Amendment in *In The Interest of Unnamed Baby McLean*, 725 S.W.2d 696, 697 (Tex.1987). The Court's analysis began with the statement that any discrimination in the *McLean* case was clearly "under the law", because it was required by state statute. *Id.* at 697. The Court went on to hold:

> The appropriate standard is thus one which recognizes that the equal rights amendment does not yield except to a compelling state interest. Further, it is not enough to say that the state has an important interest furthered by the discriminatory law. Even the loftiest goal does not justify sex-based discrimination in light of the clear constitutional prohibition. Under our model of strict judicial scrutiny, such discrimination is allowed only when the proponent of the discrimination can prove that there is no other manner to protect the state's compelling interest [authorities cited].

*Id.* at 698.

The court did not specifically state that state action was required under the Texas Equal Rights Amendment, but it does discuss "under the law" in a state action context. We agree with the other Courts of Appeals' determinations that the Texas Equal Rights Amendment is not applicable to activities involving purely private discrimination. Since the dismissal of appellants' equal rights amendment claim is the only matter complained of on appeal and there is no fact issue raised whether the conduct in question was purely private, appellants' first point of error is overruled.

Appellants' second point of error alleges that the trial court erred in holding that sexual harassment is not sexual discrimination. We find no language in the trial court's judgment holding that sexual harassment is not sexual discrimination. Regardless, since the Texas Equal Rights Amendment does not provide a remedy for purely private conduct, such a holding by the trial court would have provided no basis for reversal of the summary judgment. Appellants' second point of error is overruled.

By their third point, appellants argue that the trial court erred in holding that they had no cause of action under the Texas Equal Rights Amendments. This argument was considered and overruled in point of error number one. Point three is likewise overruled.

The judgment of the trial court is affirmed.