Bernard J. DOLENZ, Appellant,

v.

The NATIONAL BANK OF TEXAS AT FORT WORTH, Appellee.

No. 2–82–123–CV.

Court of Appeals of Texas, Fort Worth.

March 31, 1983.

Bernard Dolenz, pro se.

James Henley Morgan, Fort Worth, for appellee.

Before JORDAN, HUGHES and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

This is an appeal in a suit by appellant against appellee bank for actual and exemplary damages for alleged wrongful and willful conversion of personal property belonging to appellant. Appellee had filed a counterclaim against appellant for storage fees incurred by appellee bank when it stored the personal property of appellant.

At the conclusion of the jury trial, the trial court withdrew the case from the jury and rendered a take nothing judgment against appellant on the ground that as a matter of law there had been no conversion of appellant's property by appellee. The trial court also rendered a take nothing judgment against appellee on its counterclaim for storage fees on the ground that such fees were not properly proved on the trial.

We affirm.

As a result of a loan made by appellee bank to one John Shifflett, who was in the trucking business, the bank had taken promissory notes and a security interest in four different large trailers owned by Shifflett. Shifflett became delinquent in the payments of these notes to the bank and the bank, as it had the right to do under the security agreement, repossessed three of the four trailers on which they had the security interest. The fourth trailer was never located by the bank.

Unknown to the bank at the time they repossessed the three trailers, there was, at the time of the repossession, in the trailers, items of personal property, consisting primarily of restaurant equipment, including chairs and a steam table. This personal property was owned by and had been stored by appellant Bernard J. Dolenz in the three trailers owned by Shifflett. There was, or had been, some business connection between Dolenz and Shifflett, and Dolenz's personal property was stored in the trailers with the permission and consent of Shifflett, but without the consent or the knowledge of the bank.

After the repossession of the trailers by the bank, it, through one of its officers, contacted or attempted to contact, Shifflett in an effort to determine who owned the personal property which had been in the trailers at the time of their repossession. Appellee was unable to ascertain the ownership of the personalty, until several weeks after they had repossessed the trailers. Sometime after the repossession of the trailers the bank learned that the personal property was owned by appellant Dolenz. A Mr. Paul Reece, vice-president and loan officer of appellee bank, then contacted Dolenz, telling him that they had his property and had it stored at the Snow Storage Company. Reece, for the bank, offered to return the personal property to Dolenz upon his proof of ownership. Dolenz told Reece that he would check the matter out and be back in touch with him as to the disposition of the property. Thereafter, Dolenz never responded to the bank and did not give them any instructions as to disposition of his personal property.

It was appellant Dolenz's position, as revealed by his testimony, that although the

bank, through Reece, offered to return the personal property to him, that the bank had stolen his property and converted it, and that it was therefore its property. He testified that he no longer wanted the property. He immediately thereafter brought this suit for conversion against appellee bank.

Appellant's sole point of error contends the trial court erred in withdrawing the case from the jury because there was sufficient evidence of probative force to require submission of special issues regarding conversion of his property and exemplary damages as a result thereof. Appellant argues that when the bank repossessed the trailers with his personal property in them that there was a conversion of said personal property as a matter of law. Appellee, on the other hand, insists that the bank unknowingly and by mistake took appellant's property, but never unlawfully or wrongfully exercised dominion, ownership or control over appellant's property or did anything inconsistent with appellant's right of ownership of the property.

We agree with appellee's position and overrule appellant's sole point of error.

■ Conversion is any distinct act of dominion wrongfully exerted over another person's personal property and denial of, or inconsistent with, that other person's right in the property, either permanently or for indefinite time. 15 TEX.JUR. 3rd,, § 7; *American Surety Co. v. Hill County,* 254 S.W. 241 (aff'd comm'n app.) 267 S.W. 265 (1923); *Bradley v. McKinzie,* 226 S.W.2d 458 (Tex.Civ.App.—Eastland 1950, no writ); *Holland v. Lesesne,* 350 S.W.2d 859 (Tex. Civ.App.—San Antonio 1961, writ ref'd. n.r. e.); *Johnson v. Lane,* 524 S.W.2d 361 (Tex. Civ.App.—Dallas 1975, no writ). Conversion is an offense against possession and not title, and has been defined as the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time, which may be effected by taking actual corporal possession and control over the property of another so as to prevent the

owner from the exercise of such rights. 15 TEX.JUR. 3rd § 8; *Compton v. Farrington,* 16 S.W.2d 345 (Tex.Civ.App.—El Paso 1929, no writ); *Boyd v. Martin,* 119 S.W.2d 1110 (Tex.Civ.App.—Amarillo 1938, no writ); *Jones v. Young,* 539 S.W.2d 901 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.).

■ To constitute a conversion of property, there must be some repudiation of the owner's right or an exercise of dominion over the property, wrongfully and in denial of or inconsistent with that right; or, there must be an illegal assumption of ownership. *Fenberg v. Fenberg,* 307 S.W.2d 139 (Tex. Civ.App.—Amarillo 1957, no writ); *Sharkey v. Hollums,* 400 S.W.2d 353 (Tex.Civ.App.— Amarillo 1966, writ ref'd n.r.e.); *Beam v. Voss,* 568 S.W.2d 413 (Tex.Civ.App.—San Antonio 1978, no writ).

■ Before there can be a conversion, there must be an intent on the part of the defendant to assert some right in the property. *White-Sellies's Jewelry Co. v. Goodyear Tire & Rubber Co.,* 477 S.W.2d 658 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Fox v. American Propane, Inc.,* 508 S.W.2d 426 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.).

■ In this case we have none of the elements of a conversion of appellant's personalty which we have discussed above. Here, appellant's property was taken by appellee without appellee's knowledge, and with no intent to take it, or to exercise dominion and control over it. Appellee bank never, at any time, asserted any claim to or ownership of the property. As soon as it was discovered who was the rightful owner of the property, the bank contacted that owner, appellant here, apprised him of their possession of his property, and asked him to retake it. Appellee did not assert any right inconsistent with the title of or ownership of appellant's property; nor did it do anything except safely preserve and store his property. The property was taken by appellee, not for its use and benefit, but without any knowledge that said property was stored within the trailers repossessed by the bank. *See American Surety Co. v. Hill County, supra; Forrest v. Burns,* 57 S.W.2d

1111, (Tex.Civ.App.—Waco 1933, writ dism.); *Bankers Life Insurance Co. of Nebraska v. Scurlock Oil Co.,* 447 F.2d 997 (5th Cir.1971); *Sandor Petroleum Corporation v. Williams,* 321 S.W.2d 614 (Tex.Civ.App.—Eastland 1959, writ ref'd. n.r.e.).

Appellant's position that when the bank unintentionally took his property there was a conversion as a matter of law, and that the bank then owned it, is untenable and erroneous. If, upon being advised by appellee that it had appellant's property, appellant had made demand for the return of it, and that demand had been refused, then, and only then, would there have been a conversion of appellant's property. Appellant made no demand for the return of his property, but, instead, when it was offered to him, he did not claim it.

We think that the trial court was correct in withdrawing the case from the jury and rendering a take nothing judgment against appellant on his claim for conversion. Since there was no conversion by the bank, there could of course be no claim for exemplary damages by appellant against appellee.

We hold also that the trial court was correct in rendering judgment against appellee on its counterclaim for storage fees, since there was no proof that the storage fees were reasonable and necessary.

The judgment of the trial court is affirmed and costs of this appeal are assessed against appellant.