The STATE BOARD OF INSURANCE of the State of Texas, et al, Petitioners,

v.

WESTLAND FILM INDUSTRIES, Respondent.

No. C–4773.

Supreme Court of Texas.

March 5, 1986.

Jim Mattox, Atty. Gen., Allene D. Evans, David C. Duggins, Clark, Thomas, Winters & Newton, Austin, for petitioners.

John F. Morehead, Daugherty, Kuperman, Golden & Morehead, J. Stephen Ravel, Daugherty, Kuperman, Golden & Morehead, Austin, David V. Herin, Coover & Coover, Corpus Christi, Mary A. Keeney, Daugherty, Kuperman, Golden & Morehead, Austin, for respondent.

PER CURIAM.

Westland Film Industries sued the Texas Catastrophe Property Insurance Association and the State Board of Insurance in the Travis County District Court seeking review of a final order of the State Board of Insurance dismissing Westland's administrative proceeding against TCPIA as untimely. The trial court rendered summary judgment that Westland take nothing, thereby affirming the State Board of Insurance's decision. On appeal, the court of appeals reversed and remanded the cause to the trial court. 697 S.W.2d 621. We grant the applications for writ of error, and, pursuant to Tex.R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to that court for review of

the points of error submitted by Westland in its brief filed therein.

The only issue presented by the motion for summary judgment and response was the propriety of the State Board of Insurance's action in dismissing Westland's proceeding as untimely. The trial court found that the State Board of Insurance's order was correct as a matter of law and, accordingly, rendered summary judgment that Westland take nothing. The court of appeals reversed the summary judgment on grounds neither raised in the trial court in opposition to the TCPIA's and the State Board of Insurance's summary judgment motion, nor presented to the court of appeals.

An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error. *Gulf Consolidated International, Inc. v. Murphy*, 658 S.W.2d 565, 566 (Tex.1983). Moreover, issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979). *See also* Tex.R.Civ.P. 166–A(c).

The court of appeals reversed the summary judgment on grounds not properly before it. Furthermore, Rule 166–A(c) precludes Westland from raising those grounds on appeal because it did not present them in the trial court in opposition to the TCPIA's and the State Board of Insurance's motion for summary judgment. In reversing the summary judgment on issues unrelated to the sole question before the trial court, the court of appeals decision violates Rule 166–A(c) and conflicts with our opinion in *Clear Creek*.

Consequently, we grant the applications for writ of error, and, pursuant to Tex.R. Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to that court for review of the points of error properly before it.