**BADO EQUIPMENT COMPANY, INC., Appellant,**

v.

**BETHLEHEM STEEL CORPORATION; Cooper Industries, Incorporated; and Seadrill, Inc., Appellees.**

No. C14–89–1167–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1991.

Rehearing Overruled July 25, 1991.

Bryan W. Scott, R. Andrew Black, Houston, for appellant.

John E. Spalding, Kenneth D. Hughes, Christopher W. Byrd, Andrew S. Hanen, Houston, for appellees.

Before ROBERTSON, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Bado Equipment Company, Inc. appeals two summary judgments, one granted in favor of Bethlehem Steel Corporation, and the other granted in favor of Cooper Industries, Inc. and Seadrill, Inc. On motions for rehearing, we vacate our original opinion of April 18, 1991, and substitute the following opinion, affirming the trial court's judgment.

Appellant, Bado Equipment Company, Inc. ("Bado"), agreed to sell two cranes to Phoenix Management Company ("Phoenix"). These cranes were to be incorporated into an offshore drilling rig under construction by Bethlehem Steel Corporation ("Bethlehem"). Bado had the cranes built to Phoenix's specifications and delivered the cranes to the Bethlehem shipyard in December 1981. Bethlehem installed the cranes on the rig in June 1982. In September 1982, Bado allegedly discovered the installation of the cranes and obtained a promissory note for the amount due from Phoenix and perfected a security interest in the cranes by filing a financing statement in October 1982. Phoenix failed to pay

Bado or Bethlehem and Bethlehem sold the rig in December 1982 to Seadrill, Inc. ("Seadrill"), a corporation owned jointly by Bethlehem and Cooper Industries, Incorporated ("Cooper").

Bado filed suit in November 1984 against Phoenix, Bethlehem, Cooper, and Seadrill for damages. On April 22, 1988, Bethlehem filed a motion for summary judgment, as did Cooper and Seadrill. On May 9, 1988, Bado filed responses to the two motions, and on May 11, 1988, Bado filed a third amended original petition. Both movants filed replies to Bado's responses to the motions for summary judgment. Other than a notice of oral hearing to be held on May 16, 1988, the record does not reflect the date on which the hearing was held; however, Bado admitted during oral argument that its responses to the motions for summary judgment were filed within seven days of the hearing date. The record does not indicate that Bado sought leave of court or that leave was granted.

On March 15, 1989, the trial court granted the motion for summary judgment of appellees, Cooper and Seadrill. The trial court granted Bethlehem's motion on September 9, 1989. On May 3, 1989, Bado filed a motion for summary judgment on its claims against Phoenix, which the trial court granted on October 23, 1989.

In its sixth point, Bado contends the trial court erred in holding that the statute of limitations had run on Bado's claims. Bado originally claimed that all of its claims are governed by a two-year limitations period under TEX.CIV.PRAC. & REM.CODE ANN. § 16.-003, or alternatively by the Maryland three-year limitations period. We need not address Bado's contention that the Maryland statute is applicable because Bado never raised this argument in the trial court. Failure to raise issues in the trial court precludes Bado from raising them for the first time on appeal. *See State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979). *See also* TEX.R.CIV.P. 166a(c). In its motion for rehearing, Bado now asserts that a four-year limitations

period is applicable to its claims of fraud, fraudulent conveyance, and tortious interference with contract.

■ Bado claims that the statutory period did not begin to run until an unequivocal repudiation of its rights under the security agreement occurred and that this repudiation occurred on December 30, 1982 when Bethlehem sold the rig, with the attached cranes, to Seadrill. Appellees, on the other hand, claim that the causes of action accrued in June 1982, when the cranes were installed, or at the latest, September 1982, when Bado allegedly learned of the installation.

A review of Bado's third amended original petition and responses to appellees' motions for summary judgment reveals that Bado alleged several tortious acts by Bethlehem including conversion, fraud, constructive fraud, fraudulent conveyance, tortious interference with contractual relations, unjust enrichment, and civil conspiracy. As to the causes of action for conversion and civil conspiracy to commit conversion alleged against Bethlehem, the two year statute of limitations required Bado to bring suit not later than two years after accrual of the causes of action. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). Bado pled that the conversion occurred in June 1982, although Bado claimed no knowledge of this installation until September 1982. Even if the cause of action did not accrue until September 1982, the November 5, 1984 date of filing of the suit against appellees was more than two years after the accrual date. Alternatively, Bado argues that, because it also alleged conversion of the proceeds of the sale of the cranes, the accrual date for the conversion and conspiracy claims should be December 1982, the date of the sale to Seadrill. We disagree. Bado became aware of installation of the cranes in September 1982 and allegedly asked to retrieve them at that time, but was refused. We view the sale and receipt of proceeds as a continuation of the conversion alleged to have occurred when the cranes were installed and not a separate act of conversion. Thus, Bado's claims against Bethle-

hem of conversion and conspiracy to commit conversion were barred by the statute of limitations.

■ As to the fraudulent conveyance claim, Bado asserts that sometime in 1982, Phoenix sold, or attempted to sell, the cranes to Bethlehem. Even though Phoenix and Bethlehem were aware that Phoenix had not paid for the cranes, Bethlehem accepted conveyance of the cranes. As with the alleged conversion, the transfer of the cranes to Bethlehem occurred in June 1982, with Bado allegedly learning of Bethlehem's installation of the cranes in September 1982. Bado claims, however, that TEX.BUS. & COM.CODE ANN. § 24.010 provides a four-year limitations period for claims of fraudulent transfers. We agree that this limitations period applies. Thus, the cause of action against Bethlehem for fraudulent conveyance, which accrued on the same date as the conversion cause of action, is not barred.

■ Bado also alleged a claim of fraud against Bethlehem. The supreme court has held that a fraud action is essentially an action on a debt, and therefore, the statute of limitations for fraud is the same four year period as that for actions on debts. *See Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex.1990). Thus, the claim of fraud against Bethlehem is not barred by limitations.

■ As to the cause of action for tortious interference with contractual relations, Bado claims that there is no express limitations period and thus, a four year period applies. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 16.051 (Vernon 1986). We disagree. The supreme court has noted that the two year limitations period applies to tortious interference with contract claims. *See First Nat'l Bank v. Levine*, 721. S.W.2d 287, 289 (Tex.1986). Bado alleges that this claim arises from Bethlehem's interference with Bado's rights in the cranes and refusal to permit retrieval of the cranes. These acts began with the installation of the cranes in June 1982 which Bado allegedly discovered in September 1982. Because Bado did not raise this claim until November 1984, more than two

years after the accrual date, the claims of tortious interference with contract against Bethlehem are barred.

As to the claim of constructive fraud, Bado alleges that this claim arises from Bethlehem's interference with Bado's rights in the cranes and refusal to permit retrieval of the cranes. These acts apparently began with the installation of the cranes in June 1982. Thus, the accrual date of these causes of action would coincide with the accrual date of the cause of action for conversion and this cause of action, insofar as it relates to interference with Bado's rights in the cranes, is barred by the statute of limitations. We overrule point six with respect to these causes of action.

Bado's claims against all three appellees for unjust enrichment and alter ego appear to relate to appellees' negotiations and transfer of the rig to Seadrill in December 1982. Bado also alleges that appellees committed constructive fraud in signing and filing the First Preferred Ship Mortgage in December 1982. A December 1982 accrual date of these causes of action would be within two years of the filing date of the lawsuit.

■ Bethlehem argues that the unjust enrichment claim is barred because Bado did not raise this claim until May 1988, more than two years from the accrual date. Bado added this allegation of unjust enrichment in its third amended petition. An amended petition setting up additional grounds for liability, but upon the same parties and the same debt or transaction does not prevent tolling of limitations. *See Global Corp. v. Vincent*, 156 Tex. 398, 295 S.W.2d 640, 642 (1956); *Stanfield v. O'Boyle*, 421 S.W.2d 745, 747 (Tex.Civ. App.—Dallas 1967, writ ref'd n.r.e.). Thus, limitations do not bar the unjust enrichment claim because it is an additional ground for liability against the same parties and based on the same transaction as the claims asserted in Bado's original petition filed in 1984, which was within two years of the sale of the cranes to Seadrill.

The claims of alter ego and constructive fraud as to the mortgage relate to the December 1982 transfer of the rig to Seadrill. Thus, these claims were timely asserted.

The remaining causes of action against Cooper and Seadrill relate to the formation of Seadrill as an entity and Seadrill's purchase of the rig with the attached cranes in December 1982. Because the acts allegedly committed by Cooper and Seadrill occurred within two years of the date Bado filed suit, the causes of action against Cooper and Seadrill were raised within the statutory period. Seadrill claims, however, that it was not served with process until December 4, 1986 and that this lack of diligence requires that we bar Bado's claims against Seadrill. In our original opinion, we held that the claims against Seadrill were not barred because the record did not contain the return of service indicating lack of due diligence. Seadrill subsequently filed a motion for leave to supplement the transcript, which we granted. Because this citation is now in the record, Seadrill re-urges its argument that all claims against it are barred due to Bado's lack of due diligence in effecting service upon Seadrill.

■ We agree that all claims against Seadrill are barred. A delay of more than two years in serving a party constitutes lack of due diligence as a matter of law. *See Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970); *Sanchez v. Providence Memorial Hosp.,* 679 S.W.2d 732, 733 (Tex. App.—El Paso 1984, no writ); *Williams v. Houston–Citizens Bank & Trust Co.,* 531 S.W.2d 434, 435–36 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). The citation in the instant case indicates that Seadrill was not served until December 1986, more than two years after the suit was originally filed. We hold that the trial court did not err in finding a lack of due diligence and therefore, barring all claims against Seadrill.

■ The claims against Cooper, on the other hand, are not barred. We find no evidence of involvement by Cooper prior to the negotiations regarding formation of Seadrill. Because Bado filed suit in December 1984, within two years after the date of formation of Seadrill and the transfer of the cranes, we hold that the claims against Cooper are not barred by limitations.

In summary, we find that the trial court did not err in granting summary judgment in favor of Bethlehem as to the claims of conversion, conspiracy to commit conversion, constructive fraud, and tortious interference because these claims are barred by limitations. The claims against Bethlehem of alter ego, fraud, fraudulent conveyance, and unjust enrichment are not barred by limitations. Therefore, the trial court erred to the extent it granted summary judgment as to these claims on the basis of limitations. Furthermore, we hold that Bado's claims against Cooper are not barred by limitations. Thus, the trial court erred in granting summary judgment in favor of Cooper on the basis of limitations. Finally, we find that the trial court did not err in granting summary judgment on all claims against Seadrill because the evidence shows a lack of due diligence in effecting service upon Seadrill. Thus, we overrule point six with respect to the claims against Seadrill.

We turn next to Bado's claims that appellees did not meet their summary judgment burden of proving a lack of material fact issues. At the outset, we note that the question on appeal is whether the summary judgment proof establishes that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). In reviewing the summary judgment proof, we must accept as true all evidence favorable to the non-movant, indulging all inferences and resolving all doubts in the non-movant's favor. *Id.* Bearing this standard in mind, we turn to Bado's points of error.

In its first four points of error, Bado claims the trial court erred in the following: (1) in holding that Bado's security interest in the cranes did not attach before their

installation in the rig; (2) in holding that Bethlehem's security interest had priority over Bado's security interest in accessions; (3) in holding that Bado's security interest in the cranes was not perfected before the sale of the rig to Seadrill; and (4) in holding that Seadrill's security interest had priority over Bado's security interest in accessions. Because we held under point of error six that Bado's claims against Seadrill are barred by limitations, we need not address points three and four regarding Seadrill.

■ In point of error one, Bado challenges the trial court's grant of summary judgment to Bethlehem on the ground that Bado's security interest attached before Bethlehem installed the cranes on the rig, citing TEX.BUS. & COM.CODE ANN. § 9.314(a). Appellees claim that Bado never raised any issues regarding a security interest in the trial court and that we should not consider them on appeal.

Bado's third amended original petition and its responses to appellees' motions for summary judgment allege that the reservation of title in the Phoenix purchase order constituted a reservation of a security interest. Although we find that Bado raised the issue of a security interest, we find no allegation of perfection or priority except in paragraph LXXXII of its petition. In this paragraph, Bado claims that Cooper and Seadrill knew that Bado may have had a prior security interest in the cranes, and in spite of this knowledge, Cooper and Seadrill converted the cranes to their own use. Bado did not expressly allege either in its petition or its response to the motions for summary judgment that it had a prior perfected security interest giving it rights in the cranes superior to any rights Bethlehem may have had. Failure to raise issues in the trial court precludes Bado from raising them for the first time on appeal. *See State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979). *See also* TEX.R.CIV.P. 166a(c). We overrule point one.

In point of error two, Bado claims the trial court erred in holding that Bethlehem's security interest had priority over Bado's interest. Although Bado did not raise in the trial court the issue whether its security interest had priority, Bethlehem claimed in its motion for summary judgment that all of Bado's claims failed because Bethlehem had a prior perfected security interest in the cranes under TEX.BUS. & COM.CODE ANN. §§ 9.305, 9.314. Thus, Bado may challenge the trial court's grant of summary judgment on the ground that Bethlehem failed to meet its summary judgment burden of proving that it had a prior perfected security interest in the cranes.

■ In its motion for summary judgment, Bethlehem contended that it acquired a security interest and perfected this interest by possession under TEX.BUS. & COM. CODE ANN. § 9.305. Bethlehem further argued that Bado did not reserve a security interest and had no rights in the cranes. The construction contract between Phoenix and Bethlehem granted Bethlehem a security interest in the cranes. Article 3 of the construction contract granted Bethlehem "equity in and a lien on the Vessel and such materials and completed work in the Yard and elsewhere to the extent that it has not been paid by the owner." We agree that Bethlehem established the existence of its security interest in the cranes once the cranes were in Bethlehem's yard. Thus, Bethlehem had a security interest in the cranes, perfected by possession under § 9.305, before the cranes were installed onto the rig. Furthermore, this security interest was superior to any allegedly held by Bado. Even if we accepted Bado's claim that it reserved a security interest by reserving title in the purchase order, the record shows that Bado did not perfect this interest until October 1982. Thus, Bethlehem met its summary judgment burden of proving it had a prior perfected security interest. We overrule point two.

In point of error five, Bado claims the trial court erred because genuine issues of material fact existed precluding summary judgment. Under this general point, Bado

raises three sub-points contending: (1) that fact issues still exist as to whether the cranes were goods "made to order," (2) that fact issues exist regarding whether Seadrill knew of Bado's perfected security interest before it bought the rig from Bethlehem, and (3) that the motions for summary judgment failed to dispose of all issues before the court. Because we have held that Bado's claims against Seadrill are barred by limitations, we need not address sub-point two. We, therefore, turn to sub-point one.

In sub-point one, Bado contends that fact issues exist about whether the cranes were goods "made to order." Phoenix purchased the cranes from Bado and the purchase order for the cranes contained the following provision as to title:

> If the goods are standard items manufactured or sold by Seller, title shall pass to Buyer immediately upon identification to the Contract. If the goods are to be made for this order, title to all goods covered by this Purchase Order and to all materials inventory, work in process, design data, and other documentation, and all contract rights related to such goods, shall vest in Buyer immediately upon identification to this Order, subject only to Buyer's obligations to pay the price and perform all other obligations hereunder.

Bado relies on the condition that, if the goods are "made to order," title does not vest in the Buyer until the Buyer has paid for the goods. Bado offered the affidavit of James A. Nichols, President of Bado, to prove that the cranes were "made to order." Thus, Bado claimed in the trial court that, under the purchase order, Bado reserved title in the cranes until payment was made. Because a reservation of title constitutes a reservation of a security interest under TEX.BUS. & COM.CODE ANN. § 2.401(a) (Vernon 1968), Bado contends that it had a security interest in the cranes.

Even if Bado had reserved a security interest, however, it failed to perfect that interest until October 1982. Bethlehem, on the other hand, established that it had a perfected security interest in the cranes when they were delivered to the shipyard in December 1981. Thus, even if the goods were "made to order," entitling Bado to a security interest in the cranes, Bethlehem's prior perfected security interest was superior. Because we find the issue whether or not the cranes were goods "made to order" immaterial in light of Bethlehem's prior perfected security interest, we overrule sub-point one.

In sub-point three, Bado contends the trial court erred in granting summary judgment because appellees failed to meet their summary judgment burden of proof as to the claims alleged. In addition to complaining that appellees failed to negate the existence of fact issues as to those claims addressed in the motions, Bado argues that the motions did not address claims added in Bado's third amended original petition. Because we have held that Bado's claims against Seadrill are barred by limitations, we need not address these claims.

Bado filed its third amended original petition after it had filed its responses to appellees' motions for summary judgment and before the trial court held a summary judgment hearing. Appellees claim that the third amended petition was not before the trial court because the amended petition was untimely filed and Bado failed to obtain leave of court to make an untimely filing. The record does not reflect the date of the summary judgment hearing and thus, we cannot determine whether the amended petition was untimely filed under TEX.R.CIV.P. 63. Furthermore, there is no indication that the trial court did not consider the third amended petition. Consequently, we must presume that this petition was properly before the court before the trial court heard the motions for summary judgment. *See Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1988); *Bethurum v. Holland*, 771 S.W.2d 719, 721 (Tex.App.—Amarillo 1989, no writ).

As against Bethlehem, the third amended petition contained claims of conversion, fraudulent conveyance, tortious interference with contract, constructive fraud, unjust enrichment, and civil conspiracy.

Bethlehem's motion for summary judgment addresses all of these claims except unjust enrichment. As against Cooper, the third amended petition alleges conversion, tortious interference with contract, constructive fraud, civil conspiracy, and unjust enrichment. The petition also contains the claim that Seadrill was the alter ego of Bethlehem and Cooper. The motions for summary judgment addressed all of Bado's claims against the two entities except unjust enrichment. We turn first to Bado's contention that, because appellees did not specifically address certain claims pled, appellees failed to meet their summary judgment burden of proof as to these claims.

■■■ Although appellees concede that their motions did not expressly address certain claims, they argue that these claims fail as a matter of law. Appellees assert that, under *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979), the failure to address a claim in the trial court does not preclude their argument on appeal that the claims fail as matter of law.

■■■ Although appellees' motions did not specifically address unjust enrichment, the summary judgment proof was sufficient to show that this claim failed as a matter of law. The elements for recovery in quantum meruit are:

1) valuable services or materials were furnished;

2) for the person or entity sought to be charged;

3) these services were accepted, used and enjoyed by the person or entity sought to be charged;

4) under such circumstances as reasonably notified the person or entity sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person or entity sought to be charged.

*Economy Forms Corp. v. Williams Bros. Constr. Co., Inc.*, 754 S.W.2d 451, 458 (Tex. App.—Houston [14th Dist.] 1988, no writ). Generally, a party seeking to recover the reasonable value of services rendered or materials supplied will be entitled to recover in quantum meruit only if no express

contract covers these services or materials. *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988); *Economy Forms*, 754 S.W.2d at 458.

The record contains the purchase order constituting a contract for sale of the cranes by Bado to Phoenix. Thus, an express contract covered these goods and Bado was not entitled to recover in quantum meruit. Furthermore, the evidence shows that Bethlehem contracted with Phoenix for the construction of the rig and expected payment from Phoenix. Nothing in the record indicates that appellees were made aware that Bado expected to be paid by appellees rather than by Phoenix. "To recover in quantum meruit, the plaintiff must show that his efforts were undertaken *for* the person sought to be charged; it is not enough to merely show that his efforts benefitted the defendant." *Economy Forms*, 754 S.W.2d at 459. Thus, we find no error by the trial court in granting summary judgment on the claim of unjust enrichment because the evidence raised no fact issue as to this claim.

Bado also claims the trial court erred in granting appellees' motions for summary judgment because appellees failed to meet their summary judgment burden with respect to Bado's other claims. As against Bethlehem, Bado alleged (other than unjust enrichment, discussed above) alter ego, conversion, constructive fraud, tortious interference with contract, conspiracy, and fraudulent conveyance. Under our discussion of point of error six, we held that all of these claims, except the claims of fraud, alter ego, and fraudulent conveyance, were barred by the statute of limitations. Thus, we must determine whether Bethlehem met its summary judgment of proof with respect to these claims.

■■■ The elements of fraud are: (1) misrepresentation of a material fact with intention to induce action or inaction; (2) reliance on the misrepresentation; (3) by a person who, as a result of such reliance, suffers injury. *Chaffin v. Transamerica Ins. Co.*, 731 S.W.2d 728, 732 (Tex.App.— Houston [14th Dist.] 1987, writ ref'd n.r.e.).

In support of its motion for summary judgment on the fraud allegation, Bethlehem offered the deposition testimony of James Nichols, President of Bado, and the affidavit of John C. Estes, who was Assistant Vice President of Bethlehem at the time of construction of the rig. The deposition testimony indicates that no one at Bethlehem told Nichols, during July or August 1982, that the cranes had been installed. Although Bado argues that Bethlehem's silence constituted a misrepresentation, we find that the claim of fraud fails. In the affidavit, Estes states that Bado never asked Bethlehem not to install the cranes or to return the cranes. Furthermore, Estes states that Bado never requested payment from Bethlehem and Bethlehem never agreed to pay Bado for the cranes. Even if Bethlehem failed to advise Bado that the cranes had been installed, this omission or Bado's alleged reliance is not actionable. Furthermore, Bethlehem's prior perfected security interest in the cranes gave it superior rights in the cranes. Therefore, we hold that Bethlehem met its summary judgment burden on the claim of fraud.

 We turn next to Bado's claim of fraudulent conveyance. In its third amended petition, Bado alleged that Bethlehem's acceptance of the cranes was acceptance of a fraudulent conveyance. In its brief to this court, Bado argues that Bethlehem's transfer of the rig to Seadrill was a fraudulent conveyance. Because Bado did not raise this argument in the trial court, it may not raise it for the first time on appeal. *See Westland Film Indus.*, 705 S.W.2d at 696; *Clear Creek Basin Authority*, 589 S.W.2d at 675. *See also* Tex. R.Civ.P. 166a(c). As to the argument made in the trial court, we find that Bethlehem met its burden of negating the existence of any material fact issues. A fraudulent conveyance is a transfer by a debtor with the intent to hinder or defraud his creditors. *See Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex.1976); Tex.Bus. & Com.Code Ann. § 24.005 (Vernon 1987). Thus, the cause of action is against the party making the transfer, not against the party accepting the transfer. Furthermore, Bethle-

hem's summary judgment proof established that it was not in the position of a debtor to Bado. Thus, we hold that no fact issues existed as to the claim of fraudulent conveyance.

 Finally, Bado alleged that Seadrill was a sham corporation organized by Bethlehem and Cooper to commit constructive fraud and conversion of the cranes. Bado also alleged that Seadrill was the alter ego of Bethlehem and Cooper. Alter ego is "one of the bases for disregarding the corporate fiction: 'where a corporation is organized and operated as a mere tool or business conduit of another corporation'." *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex.1986). Alter ego applies if there is such unity between Seadrill and Bethlehem and Cooper that the separateness of Seadrill has ceased and holding only Seadrill liable would result in injustice. *See id.* Because all claims against Seadrill are barred by limitations, Bado's claim of alter ego necessarily fails.

A corporate fiction may also be disregarded if it is a sham to perpetrate a fraud. *See id.* To show there has been a sham to perpetrate a fraud, plaintiffs need only show constructive fraud, which is "the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests." *Id.* at 273. Bado alleged that Bethlehem and Cooper organized Seadrill in an attempt to obfuscate title to the cranes and to commit conversion. Because Bethlehem had a prior perfected security interest in the cranes, it had superior rights to the cranes and owed no legal or equitable duty to Bado. The organization of Seadrill and the subsequent transfer were also, therefore, not a breach of any legal or equitable duty owed to Bado. We find that Bethlehem and Cooper met their summary judgment burden as to this claim.

As against Cooper, Bado alleged (other than unjust enrichment and alter ego, discussed previously) conversion, tortious interference with contract, constructive

fraud, and conspiracy. As to all claims except conversion, Bado argued in the trial court that it retained title to the cranes. In alleging conversion against Cooper, Bado argued that, at the time of the sale of the crane to Seadrill, Bethlehem released any lien or encumbrance on the rig, thereby reviving any security interest Bado may have had in the cranes. Bado further alleged that Cooper and Seadrill knew Bado might have a prior security interest in the cranes, and in spite of this, converted the cranes to their use and benefit.

■ To recover on a claim of conversion, a plaintiff must show that he is the owner of the property allegedly converted, *Branham v. Prewitt*, 636 S.W.2d 507, 512 (Tex.App.—San Antonio 1982), *writ ref'd n.r.e.*, 643 S.W.2d 122 (Tex.1982), and that the defendant committed a wrongful act of dominion over this property. *Dolenz v. Nat'l Bank of Texas*, 649 S.W.2d 368, 370 (Tex.App.—Ft. Worth 1983, writ ref'd n.r.e.). In the motion for summary judgment and reply to Bado's response to the motion, Cooper argued that, under Bado's purchase order, it did not retain title to the cranes. Furthermore, Cooper stated that the security agreement signed by Bado acknowledged Phoenix's ownership of the cranes in September 1982. Thus, Cooper claimed that Bado's lack of title in the cranes precluded any claim of conversion against Cooper and Seadrill for the December 1982 transfer.

■ We agree that Bado did not retain title under the purchase order, but could only have reserved a security interest in the cranes. *See* TEX.BUS. & COM.CODE ANN. § 2.401(a) (Vernon 1968) (reservation of title constitutes a reservation of a security interest). Because we have held that Bethlehem established the existence of a prior perfected security interest in the cranes, Bethlehem properly transferred the rig and attached cranes to Seadrill. Once Bethlehem transferred the rig to Seadrill, Bethlehem's security interest and any subordinate security interests were discharged. *See* TEX.BUS. & COM.CODE ANN. § 9.504(d) (Vernon Supp.1991). We find that Cooper

met its burden of proof with respect to the claim of conversion.

■ Bado also alleged that, although Cooper had a legal and equitable duty to refrain from interfering with Bado's possession or constructive possession of the cranes, Cooper committed constructive fraud by interfering with Bado's possession or right to repossess the cranes. Bado claimed that this interference consisted of representations that Bado could not retake the cranes. As against all appellees, Bado argued that appellees' participation in the signing and filing of the preferred ship mortgage constituted constructive fraud.

■ "Fraud" refers to "an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another...." *Chien v. Chen*, 759 S.W.2d 484, 494 (Tex.App.—Austin 1988, no writ) (emphasis and footnote deleted) (citing *Russell v. Industrial Transp. Co.*, 113 Tex. 441, 258 S.W. 462 (1924); *Kellum v. Smith*, 18 Tex. 835 (1857)). "Constructive fraud" is the breach of a legal or equitable duty that the law declares fraudulent because it violates a fiduciary relationship. *Carnes v. Meador*, 533 S.W.2d 365, 370 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Shwiff v. Priest*, 650 S.W.2d 894, 902 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

Neither Bado's third amended petition nor its response to the motion for summary judgment alleges the existence of a confidential relationship between Bado and appellees. Appellees argued in their motions for summary judgment that no such relationship existed and that the arms-length business dealings between the parties was insufficient to support a claim of constructive fraud. We agree that appellees negated the issue of a confidential relationship and that Bado failed to raise any facts sufficient to raise an issue of the existence of such a relationship. Furthermore, because Bethlehem established the existence of a prior perfected security interest in the cranes, Bado had no right to possess or to repossess the cranes. Thus, we hold that appellees met their summary judgment

burden as to the claim of constructive fraud.

Bado also contended that Cooper committed fraud by misrepresenting that Bado had no right to repossess the cranes. In their motion for summary judgment, Cooper and Seadrill contended that, under the purchase order, Bado did not retain title to the cranes, and thus, any representations that Bado did not own the cranes was true. Alternatively, Cooper and Seadrill argued that, even if it made such representations, representations regarding legal rights or obligations cannot form the basis for a claim of fraud, citing *Fina Supply, Inc. v. Abilene Nat'l. Bank*, 726 S.W.2d 537 (Tex. 1987) and *Texas Oil & Gas Corp. v. Hagen*, 683 S.W.2d 24 (Tex.App.—Texarkana 1984), *dism'd as moot*, 760 S.W.2d 960 (Tex. 1988)[1]. Both *Fina* and *Hagen* concern representations regarding the legal effect of a document and are inapplicable to the facts of this case.

 "Actual fraud" consists of the following elements: (1) a material misrepresentation was made, (2) it was false, (3) the speaker knew when he made the misrepresentation that it was false, or the speaker was reckless as to its truth or falsity, (4) the speaker made the misrepresentation with the intention that the other party act on it, (5) the party acted in reliance on the misrepresentation and thereby suffered damages. *See McCurry v. Aetna Cas. & Sur. Co., Inc.*, 742 S.W.2d 863, 867 (Tex. App.—Corpus Christi 1987, writ denied); *Chaffin*, 731 S.W.2d at 732.

 In its response to the motion, Bado attached as evidence of Cooper's representation a letter from Cooper, in which Cooper's treasurer stated: "It is our understanding that Bethlehem will not allow vendors to enter their premises for the purpose of repossessing their equipment provided to the rig." In its motion for summary judgment, however, Cooper argued that any representations were true because Bado had no right to repossess the cranes

until the promissory note was due and payable on December 31, 1982.

The promissory note given to Bado by Phoenix, which was secured by the September 1982 security agreement, states that the debt is due on December 31, 1982. The alleged misrepresentations by Cooper were made before this due date. We agree with Cooper that Bado had no right to repossess the cranes until Phoenix failed to meet the deadline for payment in the note. Furthermore, Bethlehem established the existence of a prior perfected security interest in the cranes and thus, Bado had no right to repossess the cranes. We hold that Cooper met its summary judgment burden of proof as to Bado's claim of fraud.

 Bado alleged that Cooper tortiously interfered with Bado's contractual relationship with Phoenix by indicating to Bado that it could not retake possession of the cranes. The elements of contractual interference are: (1) a contract subject to interference, (2) willful and intentional interference, (3) the intentional interference was the proximate cause of plaintiff's damages, and (4) the plaintiff suffered actual damages. *See Champion v. Wright*, 740 S.W.2d 848, 853 (Tex.App.—San Antonio 1987, writ denied). In its motion for summary judgment, Cooper argued that it did not commit any interference because Bado had no right to repossess the cranes. Cooper asserted that Bado's interest in the cranes was subordinate to Bethlehem's prior perfected security interest in the cranes. Furthermore, Cooper maintained that Bado had no right to repossess the cranes until the promissory note, secured by the September 1982 security agreement, became due and payable on December 31, 1982. Thus, any representations made to Bado prior to that time were not actionable. We agree.

We have held that Bethlehem established the existence of a prior perfected security interest in the cranes. Furthermore, the record shows that the promissory note executed by Phoenix did not become due and

---

1. Because the *Hagen* parties settled the case, the supreme court dismissed the cause as moot and set aside the judgment of the court of appeals. Thus, the opinion of the court of appeals is probably of no precedential value.

payable until after the rig was transferred to Seadrill. Thus, we find that Cooper established Bado had no right to repossess the cranes and any alleged representations to Bado that it could not retrieve the cranes did not constitute actionable interference and were not the proximate cause of any damages suffered allegedly suffered by Bado. Consequently, we find that Cooper met its summary judgment burden as to the claim of contractual interference.

Bado also alleged that Cooper conspired with Bethlehem and Seadrill to commit conversion, fraud, constructive fraud, and interference with contract. In the motion for summary judgment, Cooper argued that the conspiracy claim failed because the underlying claims were invalid. Because we have held that Cooper met its summary judgment burden of proof as to the underlying claims, Cooper has also met its summary judgment burden as to the conspiracy claim.

Bado's other claims, for appointment of a receiver and imposition of a constructive trust, are remedies relating to the claims for conversion, fraud, constructive fraud, and tortious interference with contract. Because we have held that all claims against Seadrill are barred by limitations and because Cooper has met its summary judgment burden of proof with respect to each of the underlying claims, we need not address the remedies sought by Bado. Having found that Bethlehem and Cooper met their summary judgment burden of proof as to all claims asserted by Bado, the trial court properly granted summary judgment as to these claims. We overrule point of error five.

We affirm the judgment of the trial court.