Opinion issued on May 22, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01088-CV




PIERRE TIHFON, Appellant

V.

PARKWAY HOSPITAL, INC. d/b/a COLUMBIA NORTH HOUSTON
MEDICAL CENTER; COLUMBIA/HCA OF HOUSTON, INC.; AND
COLUMBIA /HCA HEALTHCARE CORPORATION, Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 98-15007




MEMORANDUM OPINION
          Pierre Tihfon, appellant, sued Parkway Hospital, Inc., Columbia/HCA of
Houston, Inc., and Columbia/HCA Healthcare Corporation, appellees, for
discrimination in violation of the Texas Health and Safety Code. Tex. Health &
Safety Code Ann. § 161.131–161.137 (Vernon 2001). Appellees filed a motion for
summary judgment on appellant’s claims and the trial court granted the motion as to
appellant’s claims against Columbia/HCA of Houston, Inc., and Columbia/HCA
Healthcare Corporation. The case proceeded to a jury trial on appellant’s remaining
claims against Parkway, and the jury found in favor of Parkway. 
          In a single issue, appellant argues that the trial court erred in granting summary
judgment against him as to his claims against Columbia/HCA Healthcare
Corporation. 
          We affirm.
Facts
          Appellant sued Parkway and Columbia Healthcare Partners I, L.P. on March
31, 1998, for employee retaliation under section 161.134. On May 20, 1998,
appellant, in an amended petition, added Columbia/HCA of Houston and
Columbia/HCA Healthcare Corporation as defendants, asserted the same cause of
action against them, and dismissed Columbia Healthcare Partners I, L.P. from the suit. 
          Appellees filed a motion for summary judgment on January 25, 1999. 
Appellees’ motion for summary judgment was based upon the grounds that (1)
appellant had no evidence of discrimination; (2) the evidence showed that appellant
was terminated for a legitimate reason; (3) the evidence showed that appellees did not
have a discriminatory motive to terminate appellant; and (4) a cause of action under
section 161.134(a) could not be asserted against Columbia/HCA of Houston or
Columbia/HCA Healthcare Corporation because they were not appellant’s employer.
          On February 15, 1999, appellant filed his second amended petition and cited
generally to retaliation provisions 161.131–161.137. Appellant did not allege that
appellees were liable as non-employers in a cause of action under section 161.135. 
On April 26, 1999, appellant filed a response to appellees’ motion for summary
judgment, and, in response to appellees’ argument that he was not an employee of
Columbia/HCA of Houston or Columbia/HCA Healthcare Corporation, appellant
argued that he was an employee of both of those companies. Also on April 26,
appellant filed his third petition, but he still did not argue that appellees were liable
to him as non-employers under section 161.135. On May 18, 1999, the trial court
granted partial summary judgment against appellant as to all of his claims against
Columbia/HCA of Houston and Columbia Healthcare Corporation. The trial court
did not state the basis for the summary judgment.
          On June 17, 1999, appellant filed a motion for a new trial and asked the trial
court to reconsider its decision to dismiss Columbia/HCA of Houston and
Columbia/HCA Healthcare Corporation from the lawsuit. In its motion, appellant did
not argue that he, as a non-employee, had a cause of action against those defendants
under 161.135. Rather, appellant requested that the trial court reconsider its decision
to dismiss the defendants from the suit based upon new evidence of control that
Columbia/HCA of Houston and Columbia/HCA Healthcare Corporation had over
appellant. 
          Appellant filed a motion to reconsider interlocutory summary judgment order
on March 6, 2000. Appellant once again argued that the court should reconsider the
summary judgment because of evidence of control that Columbia/HCA of Houston
and Columbia/HCA Healthcare Corporation had over appellant. Again, however,
appellant did not argue that the defendants were liable as non-employers under
section 161.135, and the motion was denied. 
          On March 15, 2002, the case went to trial and the jury found in favor of
Parkway, the only remaining defendant. On August 24, 2002, appellant filed a
motion for a new trial, and for the first time, specifically argued that Columbia/HCA
of Houston and Columbia/HCA Healthcare Corporation were liable for retaliation
under section 161.135, as non-employers. Appellant’s motion was overruled by
operation of law.
Discussion
          In its sole issue, appellant argues that he should be able to pursue his claims
against Columbia/HCA Healthcare Corporation because the Texas Health and Safety
Code allows employees as well as non-employees to sue for discrimination.
          The standards for reviewing a traditional motion for summary judgment are as
follows: (1) the movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the nonmovant will be taken as
true; and (3) every reasonable inference must be indulged in favor of the nonmovant
and any doubts resolved in the nonmovant’s favor. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment
if at least one element of each of the plaintiff’s causes of action is negated as a matter
of law. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex.
1995). A defendant may also prevail on a motion for summary judgment by
conclusively proving all elements of an affirmative defense as a matter of law, such
that there is no genuine issue of material fact. Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995) (per curiam). 
          On appeal, the non-movant may not raise grounds that it did not raise in the
trial court in opposition to the motion for summary judgment. State Bd. of Ins. v.
Westland Film Indus., 705 S.W.2d 695, 696 (Tex. 1986); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 674-75 (Tex. 1979).
          Appellant, in his response to appellees’ motion for summary judgment, did not
argue that the defendants were liable as non-employers under section 161.135. 
Rather, appellant argued that he was an employee of Columbia/HCA of Houston and
Columbia/HCA Healthcare Corporation. In his motions for new trial and motion to
reconsider interlocutory summary judgment in 1999 and 2000, appellant still did not
argue that appellees were liable as non-employers under section 161.135. It was not
until over three years after the grant of summary judgment, after the jury trial of the
last remaining defendant, that appellant finally raised the issue in a motion for new
trial. 
          Under these facts, where appellant did not raise the issue until after the jury
trial, and where three years had passed from the time that the trial court granted
summary judgment for appellees, we hold that appellant did not raise the issue in
opposition to appellees’ motion for summary judgment, and, thus, is not permitted to
raise the issue on appeal. See Westland Film Indus., 705 S.W.2d at 696.
          We overrule issue one.
Conclusion 
We affirm the trial court’s judgment. 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.