COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

FRANCIS DOONAN, Individually
and as             )

Minority Member of RIO
GRANDE TOOL &       )

STAMPING, and MICHELE
DOONAN,             )              
No.  08-04-00016-CV

                                                                              )

Appellants,                         )                    Appeal from the

                                                                              )

v.                                                                           )                
120th District Court

                                                                              )

LARRY C. WOOD, JOY C.
HELBING,              )           of El Paso County, Texas

WOODVEN, L.P., and WOODVEN
TEXAS      )

CORPORATION,                                                )                 
(TC# 2002-4801)

                                                                              )

Appellees.                          )

 

 

O
P I N I O N

 

This is an appeal
from a grant of a summary judgment. 
Appellants sued Appellees for breach of fiduciary duty, conspiracy, and
alter-ego for damages.  Appellees moved
for a 

no-evidence summary judgment, and
it was granted as to all claims.  In four
issues, Appellants appeal the trial court=s
granting of the summary judgment in favor of Appellees.  We affirm. 









On May 15, 1995,
Conrad Moore and Francis G. Doonan formed Rio Grande Tool & Stamping,
L.L.C.  Mr. Moore owned 51 percent of the
interests and Mr. Doonan owned a 40 percent interest.  Rio Grande was formed to provide custom
tooling and precision metal stamping for the maquila industry in Juarez, Mexico.  From the onset, Rio Grande was not
successful, incurring operating losses of $630,172 and a debt of $589,966
between May 15, 1995 and July 31, 1997. 
In the spring of 1997, Sunwest Bank gave Rio Grande notice that it would
not renew Rio Grande=s
operating line of credit forcing Rio Grande to find new financing.  Mr. Moore contacted his long time
acquaintance Larry C. Wood.

Mr. Larry Wood and
his brother Donald Wood had recently formed an investment company named
Woodven, L.P., (AWoodven@). 
Woodven is a Texas limited partnership, whose general partner is Woodven
Texas Corp.  Larry and Donald are the
only shareholders of Woodven Texas Corp., and the only limited partners of
Woodven.  Larry Wood was the president,
secretary, treasurer, and director of WoodvenTexas Corp.  Joy C. Helbing was the vice president and director
of Woodven Texas Corp.

On October 7,
1997, Woodven made a term loan of $500,000 and granted a line of credit of
$700,000 to Rio Grande.  Mr. Moore and
Mr. Doonan offered Woodven an option to purchase 34 percent membership interest
in Rio Grande.  As security for the
loans, Woodven was granted a security interest in all of Rio Grande=s assets.  Mr. and Mrs. Moore and Mr. and Mrs. Doonan
also personally guaranteed the debt.

On November 6,
1997, Woodven exercised its option to acquire a 34 percent interest in Rio
Grande.  The equity interests in Rio
Grande became:  Woodven, L.P. -- 34
percent; Moore -- 33.66 percent; and Doonan -- 32.34 percent.

Mr. Moore withdrew
as an officer of Rio Grande in March 1998. 
Mr. Moore=s
personal guaranty was extinguished.  Larry Wood was then elected Chief Executive
Officer and Joy Helbing was elected Chief Financial Officer of Rio Grande.  On September 30, 1998, Mr. Moore=s interest in Rio Grande was conveyed
to Woodven.








Mr. Doonan was Rio
Grande=s Chief
Operating Officer.  His responsibilities
included procuring business through the use of his expertise and skill as a
master die and toolmaker utilizing his own designs and running the day to day
production of the business.  In mid
April  2001, Mr. Doonan quit.  Almost a year later, Woodven foreclosed its
security interest in the assets of Rio Grande and the assets were sold in a
private sale to Woodven.

Woodven then
contributed the purchased assets as the capital to form RGTS, L.L.C., a Texas
limited liability company, that was wholly owned by Woodven.  On September 29, 2003, Woodven sold the
assets to an unrelated third party.

In Issue One,
Appellants argue that the trial court erred in granting the Appellees= motion for no-evidence summary
judgment when the motion was defective because it contained only global and
conclusory statements.  Appellants allege
that the motion lists the essential elements of the raised causes of action and
generally asserts that there is no evidence to support the elements.  They allege that Athis
constitutes the impermissible making of a >general
no-evidence challenge to an opponent=s
case.=@ 
Appellees argue that the motion was not defective because it specified
the elements of each claim lacking evidentiary support.

Texas Rules of
Civil Procedure 166a(i) states in part:

After adequate time for discovery, a
party without presenting summary judgment evidence may move for summary
judgment on the ground that there is no evidence of one or more essential
elements of a claim or defense on which an adverse party would have the burden
of proof at trial.  The motion must state
the elements as to which there is no evidence.

 

See
Tex.R.Civ.P. 166a(i).

 








In this case,
Appellees= motion
for summary judgment alleges that Appellants have not demonstrated any evidence
to support their causes of action based on breach of fiduciary duty,
conspiracy, and alter ego.  Our review
shows that the motion specifically enumerated each of the elements of the
causes of action as to which there is no evidence.  We thus find that Appellees no-evidence
motion for summary judgment was not defective. 
We therefore overrule Appellants=
Issue One.

Issues Two, Three,
and Four pertain to the question of whether Appellants presented more than a
scintilla of evidence of all the essential elements of Appellants= claim, and if so, whether the trial
court erred in granting Appellees no-evidence summary judgment.








A no‑evidence
summary judgment is essentially a pretrial directed verdict and as such, we
apply the same legal sufficiency standard in reviewing a no‑evidence
summary judgment as we apply in reviewing a directed verdict.  Wyatt v. Longoria, 33 S.W.3d 26, 31
(Tex.App.‑-El Paso 2000, no pet.). 
The party seeking a no‑evidence summary judgment must assert that
there is no evidence of one or more essential elements of a claim or defense on
which the nonmovant would have the burden of proof at trial.  See Tex.R.Civ.P.
166a(I).  The movant must specifically
state the elements as to which there is no evidence.  See
Tex.R.Civ.P.
166a(i).  The burden then shifts to the
non‑movant to produce evidence raising a fact issue on the challenged
elements.  See id. To raise
a genuine issue of material fact, the non‑movant must set forth more than
a scintilla of probative evidence as to an essential element of the non‑movant's
claim or defense.  See id.; Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997), cert.
denied, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).  More than a scintilla of evidence exists when
the evidence A>rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.=@  Havner, 953 S.W.2d at 711.  Less than a scintilla of evidence exists when
the evidence is Aso weak
as to do no more than create a mere surmise or suspicion@
of the existence of a fact, and the legal effect is that there is no evidence.  Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).  In reviewing a no‑evidence
summary judgment ruling, we view the evidence in the light most favorable to
the non‑movant, disregarding all contrary evidence and inferences.  Havner, 953 S.W.2d at 711.

In Issue Two,
Appellant argues that the trial court erred in granting the Appellees= motion for no-evidence summary
judgment since Appellants presented more than a scintilla of evidence of all
the essential elements of a claim for breach of fiduciary duty.  Specifically, Appellants assert that they
presented evidence regarding the existence of a fiduciary relationship between
them and Woodven, L.P., Larry Wood, and Joy Helbing.  They further argue that sufficient evidence
was presented regarding the breach of such fiduciary duty and the damages
resulting from that breach.  In a related
point, in Issue Three, Appellants further extend the damages argument.








In their brief,
Appellants discuss the issues as they related to Mr. Doonan, but fail to
address how Mrs. Doonan was owed a fiduciary duty, how that duty was breached,
and what damages resulted from that breach. 
We agree with Appellees=
assertion that Mrs. Doonan was owed no fiduciary duty.  In order to recover on her breach of
fiduciary duty claim, one of the elements Mrs. Doonan must establish is that
Appellees were Mrs. Doonan=s
fiduciaries.  See Myer v. Cuevas,
119 S.W.3d 830, 836 (Tex.App.--San Antonio 2003, no pet.).  Fiduciary duties arise either from certain
formal relationships that are recognized as fiduciary as a matter of law, or
from the existence of an informal, Aconfidential@ relationship between the parties.  Insurance Co. of N. Am. v. Morris, 981
S.W.2d 667, 674 (Tex. 1998).  The
existence of a confidential or fiduciary relationship is ordinarily a question
of fact, and the issue only becomes a question of law when it is one of no
evidence.  Crim Truck & Tractor
Co. v. Navistar Int=l
Transp. Corp., 823 S.W.2d 591, 594 (Tex. 1992).  A party asserting breach of fiduciary duty
must establish the existence of a confidential or similar relationship giving
rise to a fiduciary duty.  See Bado
Equip. Co., Inc. v. Bethlehem Steel Corp., 814 S.W.2d 464, 475
(Tex.App.--Houston [14th Dist.] 1991, no writ). 
Appellants have failed to present any evidence regarding a fiduciary
duty owed to Mrs. Doonan nor do they point to any case law that would
establish such a relationship.  As such,
we hold that with respect to Mrs. Doonan, there was no fiduciary duty that was
breached and as such, the no-evidence motion for summary judgment was properly
granted.  

The Appellees= begin their response by stating that
the Appellants failed to meet their burden in their response to the summary
judgment motion.  They argue that as this
Court stated in Walton v. City of Midland, 24 S.W.3d 853, 858
(Tex.App.--El Paso 2000, no pet.), it was not the trial court=s burden to sift through the record to
find Appellant=s
evidence for him.  We point out however,
that in Walton, the record before the trial court was over 500
pages.  Id.  The record in this case differs from Walton
in that Appellants= exhibits
is half that size.  Nevertheless, we are
mindful that we are not required to search the record without any guidance from
Appellants to determine whether they had produced evidence raising a genuine
issue of material fact on the elements challenged by Appellees.  See Nawas v. R & S Vending, 920
S.W.2d 734, 737 (Tex.App.--Houston [1st Dist.] 1996, no writ).

Appellees= argue that even if Mr. Doonan was owed
a fiduciary duty, the facts specified in the response do not raise a material
fact issue on whether the Appellees breached any fiduciary duty that caused the
Appellants any damage.  We agree with
Appellees. 








In its brief,
Appellants argue that Appellees breached their fiduciary duty in the following
ways:  (1) by enforcing the personal
guarantees for loans from Woodven, L.P. to Rio Grande Tool & Stamping,
which they argue was in violation of Article 3.07 of the regulations adopted by
Rio Grande; (2) excluding Mr. Doonan from a meeting that took place between Mr.
Wood, Ms. Helbing, Mr. Moore, and Mr. Moore=s
attorney Jerry Keith in which Mr. Moore was released from his personal
guarantee on the loan made by Woodven to Rio Grande and Mr. Wood took the Rio
Grande stock he held and became majority shareholder; (3) his removal as
authorized signer from Rio Grande=s
Norwest Bank account; (4) by Mr. Doonan being told to Aget
out or you=ll be
taken out of here in handcuffs@
in April 2001; and (5) by the foreclosure on Rio Grande=s
assets and of Mr. Doonan=s
interest which was the collateral used for securing the loan Rio Grande
received from Woodven.  We find that the
evidence does not raise a genuine issue of material fact of a breach of
fiduciary duty.  We conclude that such
actions were taken for legitimate business reasons rather than for the
fiduciary to profit by taking advantage of its position.  See Bohatch v. Butler & Binion,
977 S.W.2d 543, 550-53 (Tex. 1998).  As
such, we overrule Issue Two.  In finding
that there was no breach of fiduciary, we do not need to address the issue of
damages resulting from such breach.  We
therefore overrule Issue Three.








In Issue Four, the
Appellants argued that the trial court erred in granting the Appellees= motion for no-evidence summary
judgment since the Appellants presented more than a scintilla of evidence of
all the essential elements of a claim for conspiracy.  After reviewing the record, Appellants failed
to respond to the conspiracy claim portion of the no-evidence summary judgment
motion.  A no-evidence summary judgment
is properly granted if the nonmovant fails to bring forth more than a scintilla
of probative evidence to raise a genuine issue of material fact as to an
essential element of the nonmovant=s
claim on which the nonmovant would have the burden of proof at trial.  See Tex.R.Civ.P.
166a(i); Hayner, 953 S.W.2d 711. 
Appellants failed to direct the trial court to any evidence on the cause
of action of conspiracy.  We overrule
Issue Four.

In a cross-point,
Appellees argue that Appellants=
summary judgment proof was not timely filed and cannot be considered.  Tex.R.Civ.P.
166a(c), allows for summary judgment evidence to be filed late, but only with
leave of court.  Summary judgment
evidence must be filed no later than seven days prior to the day of the
hearing.  See Tex.R.Civ.P. 166a(c), (d).  The 

no-evidence summary judgment
hearing was held on November 21, 2003. 
On November 14, 2003, Appellants timely filed a response to Appellee=s no-evidence summary judgment motion,
but did not attach any evidence.  On
November 17, 2003, four days before the summary judgment hearing, Appellants= filed an Appendix to their response to
the Appellees= Motion
for No-Evidence Summary Judgment.  The
record does not indicate that the Appellants obtained leave of court to file this
evidence.  However, the Appellants have
submitted a postmark date of  November
14, 2003.  As such, under Tex.R.Civ.P. 5, Appellants Appendix was
timely filed and therefore, leave of court was not necessary.  Therefore, Appellees=
cross-point is overruled.

We affirm the
trial court=s
judgment.

 

 

July
7, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.