JAMES COCHRAN'S ADM'RS. v. H. D. THOMPSON, ADM'R.

Upon the first ground it may be remarked, that an objection of this character, (that the grant of letters of administration *de bonis non* to the plaintiff, was void, fourteen years having elapsed since the death of the intestate, before they were granted) should be taken by plea, or at least by special demurrer.

As a general rule, grants of administration after so great a lapse of time, should be regarded as nullities ; but there may be special reasons which would even then support a grant, as for instance a money demand, or claim, of the estate, which had lately fallen due.

Under the law, as it now exists, it would seem that the heirs, though entitled to the estate, and though it has vested in them by operation of law, yet cannot sue for the recovery of debts ; though, perhaps this might be allowed under some circumstances, where much time has elapsed without administration.

Where the defendant's demurrer to the petition is overruled, but judgment goes for the defendant on his answer, from which the plaintiff appeals, the defendant, if he would have the ruling of the Court on his demurrer to the petition revised at all, must take a cross appeal ;* if he fails to do so, and the judgment is reversed and cause remanded, and judgment finally goes against him below, on error this Court will not revise the ruling on the demurrer to the petition. (But this would seem only to apply to cases where the demurrer is special, or where the objection is such as is required to be taken by special demurrer.)

Property of an estate which is fraudulently disposed of by the administrator, although such disposition be made by formal sale, under order of the Court, remains, in consideration of equity, unadministered, and may be recovered by an administrator *de bonis non*.

Error from Montgomery. Tried below before the Hon. Peter W. Gray.

Petition filed March 8th, 1851, as follows : The petition of Henry D. Thompson, adm'r. *de bonis non* of James Smith, deceased, respectfully showeth that in the year 1831, there was

---

* That is, we presume, he must assign said ruling as error, as indicated in Caperton v. Wanslow, *supra* 125.—REPS.

issued, by the Mexican government, to James Smith, a title for one fourth of a league of land, lying in Montgomery county, Texas, and fully described by metes and bounds in the exhibits hereto annexed ; that, in 1837, the said Smith died intestate in Montgomery county, and at May Term, 1838, of the Probate Court of that county, letters of administration were granted upon his estate to Louisa Peck and F. Johnson. At January Term, 1840, Johnson was dismissed, and Louisa Peck, then Louisa Johnson, and Martin Johnson were appointed administrators *de bonis non* of said estate. Afterwards, to-wit: at February Term, 1845, James Cochran petitioned for letters of administration, and at March Term, 1845, the said Court, without any order at the time, or previous, removing Martin Johnson and wife Louisa, appointed said Cochran as administrator *de bonis non* of said estate, and at the same time, 1845, the said Cochran, without any shadow of a claim against the estate, procured an order to sell said quarter of a league of land on a twelve months credit, and, in pursuance of said order, he proceeded to sell the same on the 5th of August, 1845, having previously entered into a contract with one Jacob Shannon, by the terms of which the land was to be sold for cash, and Shannon was to buy it in and re-convey to him the two-thirds of the land. In pursuance of which iniquitous proceedings, the land was sold for cash ; Shannon was declared the purchaser, and a deed made to him for the land, for two hundred and thirty-five dollars. At the same time, as it is believed, Shannon made a deed to Cochran for two-thirds of the quarter of a league for the pretended consideration of three hundred dollars. The first named deed bears date the 5th of August, 1845 ; the second on the 6th of August, 1845, and copies of them duly certified are hereto annexed.

Petitioner further states that said Cochran, after making return of said sale, made no further showing, and, some two years thereafter, he died, as petitioner is informed, intestate ; and William Day and —— Day, his wife, one or both of them,

resident, as petitioner is informed, in Washington county, Texas, are his administrators. Petitioner further states that at the January Term, 1851, he was appointed by the County Court of Montgomery county, aforesaid, administrator *de bonis non* of said James Smith, deceased, and has his letters ready to show as this Court may require.

Petitioner further states that, if said Cochran ever had any claim against said estate, it had been long before barred by the Statute of Limitations. He further states and charges that said Cochran and Shannon combined to defraud and did defraud said estate in said pretended sale, and is advised, and believes, and so charges, that the whole proceeding is illegal, iniquitous, fraudulent and null, and be so declared. Wherefore he prays, &c.

Defendants answered separately, by general demurrer, and other pleas not now important. At Fall Term, 1851, the demurrers to the petition were overruled, and there was a mistrial. At Spring Term, 1852, trial and verdict for defendants. Plaintiff appealed, and the case will be found reported in 9 Tex. R. 536. The judgment having been reversed, and the cause remanded, it came up again for trial at the Spring Term, 1855. The entry read as follows : This day came the parties by attorneys, and the defendants' demurrer coming up, was adjudged to have been heretofore overruled by this Court; thereupon came a jury, &c. Verdict and judgment for plaintiff. Writ of error by Day and wife, adm'rs, &c. No statement of facts, nor bill of exceptions.

*J. W. Henderson*, for plaintiffs in error. We think this Court has decided against the right of the defendant in error in the cases of Murphy v. Menard, 11 Tex. R. 673 ; Menard v. Murphy, 14 Id. 62. His appointment as adm'r. *de bonis non*, was in the year 1851, some fourteen years after their original grant of letters testamentary upon said estate, without any allegation of special cause therefor. The proceedings which

he seeks to annul, took place in the Probate Court of Mont-
gomery county in the year 1845. According to the decision
of the above cited authorities he could not do it. The follow-
ing authorities are also in point: (Kelsey v. Smith, 1 How.
Miss. R. 68; Stubblefield v. McKaren, 5 S. and M. 130; Boyd
v. Holloway, 6 Id. 323; Mitter v. Womack, Frem. Ch. 486;
Prasser v. Yerby, 1 How. Miss. R. 87.

The overruling of the demurrer by the Court below was
error, and the judgment of the Court should have been, sus-
taining the demurrer and dismissing plaintiff's petition.

*A. M. Branch,* for defendant in error, cited 14 Tex. R. 67.

HEMPHILL, CH. J. On a previous trial in this cause, there
was verdict for defendants below, viz: Jacob Shannon and the
administrators of Cochrane. The plaintiff, viz: Thompson,
appealed, and the judgment being reversed, a new trial has
been had and judgment has been given for the plaintiff. The
adm'r. and adm'x. of Cochrane have brought up the cause.
There is no statement of facts, but it is assigned that there
was error in overruling the demurrer to the petition, and re-
fusing, on the second trial, to rehear argument on the demurrer,
and to sustain the same.

The argument of the plaintiffs in error involves two propo-
sitions, viz: that the grant of administration was void, four-
teen years having elapsed from the death of the intestate be-
fore this grant of administration *de bonis non* to Thompson, the
defendant in error, and

2d. That, as administrator *de bonis non*, he had no authority
to bring the suit.

Upon the first ground, it may be remarked, that an objection
of this character, to the validity of the grant, should be taken
by plea, or at least by special demurrer.

As a general rule, grants of administration after so great a

lapse of time, should be regarded as nullities; but there may be special reasons which would even then support a grant, as for instance to recover a money demand, or claim, of the estate, which had lately fallen due. Under the law as it now exists, it would seem that the heirs, though entitled to the estate, and though it has vested in them by operation of law, yet cannot sue for the recovery of debts, though, perhaps this might be allowed under some circumstances, where much time has elapsed without administration. Had the defendants, on the former appeal, brought up by cross appeal the alleged error in overruling the demurrer, and provided the defect could have been reached by general demurrer, the claim that the grant of administration should be considered a nullity and the suit dismissed, would have been entitled to great weight and consideration.

By the laws of Louisiana, in force as to Probate matters at the death of the intestate, an administrator held his appointment for one year only, except that for good cause shown it might be extended from year to year for five years. The same policy, viz : that of speedy administration, was enjoined under the Probate Law of 1840. Yet we find, notwithstanding these positive injunctions, as many as four administrations on this estate, the last grant being nearly fourteen years after the death of the deceased. And for whose benefit were all these administrations, with their costs and charges ? Certainly not for the benefit of the heir. It does not appear that there was any other property but this quarter of a league, and that must be nearly, if not entirely, absorbed by the expenses of administration. The appointment of administrator is merely a trust to pay the claims of creditors, and then to restore the remainder of the assets to the heirs.

If there ever were any debts against the estate, they must have been discharged or barred years before the latter grant. The petition alleges, in substance, that when Cochrane, the former administrator, obtained the order, in 1845, to sell the

land, there was not a shadow of a claim against the estate. Of course when administration was granted the plaintiff six years afterwards, there could have been no claim.

The only pretence, then, for the last grant was to bring this suit for the recovery of the land. But there was no necessity for this; the heir could have brought the suit in his own name, without incurring the charges of administration. In most of the other States administration does not extend to the real property. This vests immediately in the heir, with power to maintain suits for recovery or defence, and it ought not to remain under administration in this State any longer than may be necessary for the discharge of the debts speedily and advantageously for the estate.

But this ground should have been assumed when the cause was before the Court on the former appeal. It might have been brought up then by the present plaintiff in error on cross-appeal, and it is too late, after the years through which this litigation has been protracted, to take it now for the first time.

The second ground, viz : that the plaintiff has no authority as administrator *de bonis non* to bring this suit, would have been conclusive, if the sale of the land by Cochran, the former administrator, was an act done in due course of administration. The power of an administrator *de bonis non* extends only to property which has not been administered. That which has been adminstered does not come within the scope of his grant. But the petition charges, in substance, that the land was fraudulently sold by Cochran, the former administrator, for his own use, in collusion with Shannon, the vendee. If so,—and, on demurrer, it must be taken as true,—the land, in consideration of equity, remained unadministered. As such, it passed to the plaintiff as administrator *de bonis non*, and he had authority to bring this suit to set the sale aside. (1 Williams on Ex'ors. 783 ; 2 Id. 799.)

Judgment affirmed.