Wheeler, C. J.
—The right of private property belongs, in this country, exclusively to freemen. The slave is denied this right as completely as he is the right of personal liberty. His person and his time being entirely the property of his master, whatever he may accumulate by his own labor, or may otherwise acquire, becomes immediately the property of his master; and the master may maintain an action against any one who receives the property from his slave. He is incapable of making a sale of property, except with the consent, or as the agent, of his master; and can, consequently, make no delivery of it which will bind the master, unless with his consent, or as his agent. He can acquire nothing by contract. “But (it is said) if the contract with the slave be fully executed, the property conveyed to the slave becomes inslanter the property of the master, and the property conveyed by him, upon his master’s implied' assent, vests in the contracting party. An executory contract, however, such as a promissory note, payable to a slave, vests no right of action in the master.” (Cobb on Slavery, § 368; 2 Rich. S. C., 425; McM., 470; 1 Hill, S. C., 277; 2 Id., 378.) By the law of this State, trading with slaves is positively forbidden, under a penalty, “ without the written consent of the master, mistress, or overseer.” (O. & W. Dig., p. 542, Art. 669.) From an application of these principles to the case before us, it would seem to result, that the action cannot be maintained upon the contract first set out in the petition, it being a void contract; nor upon the second alleged contract, because not supported by the evidence. The evidence went *12 to support the first contract set out, hut not the second. The action is founded upon the contract, and if it can be ' supported at all, it must be upon the ground that the owner can adopt the unauthorized and void contract of his slave, and make it his own, and thus give - it vitality as to the person contracting with the slave, Uo authority has been cited which maintains such a principle, and it would seem to have no support in any doctrine or analogy of the law. Upon this point, however, it is unnecessary to express an opinion, as the case will be disposed of upon other grounds.
The sale by the slaves did not pass the property in the cotton, and no doubt the owner might have resumed the possession of it, or, if withheld or converted by the defends ant to his use, an action might have been maintained by the owner to recover the property of its value. Whether, under the circumstances of this case, an action could have been maintained for a conversion of the property by the defendant, is questionable; but that question need not be now considered, as the action is not brought for the wrongful detention or conversion of the property. The suit is upon the contract, to recover the price agreed to be paid for the cotton by the defendant; and, in this aspect of the case, we incline to the opinion that the action cannot be maintained.
But there is another view of the case, which is decisive against the right of the plaintiffs to a recovery. The action is brought by the plaintiff in her own right and as guardian of her infant children, as owners of the property. The proof is, that it is the property of the estate of her deceased husband, which is unadministered. The right of action, therefore, is not in the plaintiff' as devisee and owner of the property, but in the executors. (8 Texas, 182; Cochran v. Thompson, 18 Texas, 652.) To this it is answered, that we may presume there had been a partial- distribution of the estate, and that the plaintiffs had received in distribution the negroes that made this cotton. If such had been the case, I apprehend it devolved on the plaintiff to prove *13 it. But the proof is, that the plaintiff, as executrix, had the management of the slaves, and received and used the proceeds of their labor for the purposes of the administration. This repels the supposition that it was the property of the plaintiff and her wards in their own right. Again, it is suggested that the plaintiff’s right to recover ought to have been contested by plea in abatement. But the answer to this suggestion is, that the objection goes to the title of the plaintiff, and not to the capacity in which she sues. As the title is not in the plaintiff, she cannot recover in the action. The court, therefore, erred in overruling the motion for a new trial, for which the judgment must be reversed and the cause
Remanded.